```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
DANIEL A. CONKLIN AND LISA A. CONKLIN,        7:12-cv-03606
                                                (ER) (LMS)
              Plaintiffs,

   -against-

JEFFREY A. MAIDENBAUM, ESQ., MAIDENBAUM
& ASSOCIATES, P.L.L.C., WELTMAN
WEINBERG & REIS CO., L.P.A., BRANCH
BANKING AND TRUST COMOPANY, AMIR
CALLOSOL, ESQ., AND DENISE PRINCE, ESQ.,

              Defendants.
-------------------------------------X
```

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

```
                              STEINBERG & CAVALIERE, LLP
                              Attorneys for Defendants
                                 Jeffrey A. Maidenbaum, Esq.,
                                 Maidenbaum & Associates,
                                 P.L.L.C. and Amir Collazo,
                                 s/h/a Amir Callosol, Esq.
                              50 Main Street, Suite 901
                              White Plains, New York 10606
                              (914) 761-4200
                              steincav@aol.com
```

# TABLE OF CONTENTS

Preliminary Statement                                                1

Facts                                                                2

Argument

    POINT I    THE FDCPA CLAIMS ARE BARRED
                BY THE STATUTE OF LIMITATIONS           4

    POINT II   THERE IS NO SUBJECT MATTER JURISDICTION
                OF THE STATE LAW CLAIMS AS AGAINST THE
                MAIDENBAUM DEFENDANTS                   8

Conclusion                                                           10

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
DANIEL A. CONKLIN AND LISA A. CONKLIN,        7:12-cv-03606
                                                (ER) (LMS)
                Plaintiffs,

    -against-

JEFFREY A. MAIDENBAUM, ESQ., MAIDENBAUM
& ASSOCIATES, P.L.L.C., WELTMAN
WEINBERG & REIS CO., L.P.A., BRANCH
BANKING AND TRUST COMOPANY, AMIR
CALLOSOL, ESQ., AND DENISE PRINCE, ESQ.,

                Defendants.
-------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS AMENDED COMPLAINT

### Preliminary Statement

Defendants Jeffrey A. Maidenbaum, Esq., Maidenbaum & Associates, P.L.L.C. and Amir Collazo, s/h/a Amir Collosol, Esq. (the "Maidenbaum defendants") submit this memorandum of law in support of their motion, pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., to dismiss the amended complaint in its entirety as against them on the grounds that the two federal claims asserted against them are barred by the statute of limitations and that, in the absence of those claims, there is no subject matter jurisdiction of the remaining claims asserted against them.

For the reasons set forth below, the amended complaint should be dismissed in its entirety as against the Maidenbaum defendants.

## Facts

Solely for the purposes of this motion, the Maidenbaum defendants must, and do, accept as true the allegations of the amended complaint, a copy of which is annexed to the accompanying affidavit of Steven A. Coploff, Esq., sworn to December 21, 2012, as Exhibit A.

The plaintiffs, both New York residents, commenced this action on May 7, 2012 against the Maidenbaum defendants, all three of whom are New York residents, and three out-of-state defendants. Amended Complaint, ¶¶ 4-11. The plaintiffs filed the amended complaint on November 29, 2012.

The plaintiffs allege claims against the Maidenbaum defendants sounding in violations of the Fair Debt Collection Practices Act (the "FDCPA") (Counts I and II), fraud in the inducement (Count IV), legal malpractice (Count VI), violation of New York Judiciary Law § 487 (Count VII), breach of contract (Count VIII), breach of judiciary duty (Count IX) and breach of duty of good faith (Count X). Other than the two FDCPA claims, which raise a federal question, the claims arise under New York state law.

According to the allegations of the amended complaint, the Maidenbaum defendants were retained on or about April 15, 2010 to collect a debt in the amount of $82,300.13 from the plaintiffs. Amended Complaint, ¶ 39. After several telephone conversations between the plaintiffs and the Maidenbaum defendants, the plaintiffs agreed to pay $60,000 to resolve the claim. Amended Complaint, ¶ 44. The plaintiffs paid their creditor the amount of $60,000 in August 2010 and, accordingly, the debt was extinguished. Amended Complaint ¶¶ 46-47.

At that point - August 2010 - there was no longer any debt and, therefore, no debt collection activities in which the Maidenbaum defendants could engage. The plaintiffs did not commence this action until May 2012 - one year and nine months after the debt collection activities of the Maidenbaum defendants ceased.

As discussed below, the FDCPA claims are barred by the applicable one-year statute of limitations. In the absence of those federal claims, and in the absence of diversity of citizenship between the plaintiffs and the Maidenbaum defendants, this Court has no subject matter jurisdiction of the remaining state law claims and, thus, should dismiss the amended complaint in its entirety as against the Maidenbaum defendants.

## Argument

## POINT I

### THE FDCPA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

A.  Legal Standard for Motion to Dismiss

This Court recently set forth the legal standard for a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a cause of action. *See V.E.C. Corp. of Delaware v. Hilliard*, 2012 WL 4051293, at *4 (S.D.N.Y. Sept. 14, 2012).

However, this is not a typical Rule 12(b)(6) motion because it is based on the statute of limitations. Such a motion is properly brought in this jurisdiction. *Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162 (2d Cir. 1989). *See also Schandler v. New York Life Ins. Co.*, 2011 WL 1642574, at *4 (S.D.N.Y. April 26, 2011); *Pons v. People's Republic of China*, 666 F. Supp. 2d 406, 411 (S.D.N.Y. 2009); *Arias-Mieses v. CSX Transportation, Inc.*, 630 F. Supp. 2d 328, 330 n.2 (S.D.N.Y. 2009).

B.  The FDCPA Claims Are Barred By The Statute of Limitations

The plaintiffs asserts two FDCPA claims against the Maidenbaum defendants. Count I alleges in pertinent part:

> On numerous occasions, **in connection with the collection of debts**, Defendants have engaged in conduct the natural consequences of which was to harass, oppress, or abuse, the Plaintiffs, in violation of the Fair

4

>Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692d, including but not limited to the following:
>
>a)   Defendants have used obscene or profane language, or language the natural consequences of which is to abuse the hearer, in violation of the FDCPA, 15 U.S.C. § 1692d(2); and
>
>b)   Defendants have caused a telephone to ring, or have engaged a person in telephone conversation, repeatedly or continuously, with the intent to annoy, abuse or harass the person at the called number, in violation of the FDCPA, 15 U.S.C. § 1692d(5).

Amended Complaint, ¶ 65; emphasis added.

Count II alleges in pertinent part:

>On numerous occasions, **in connection with the collection of debts**, Defendants have used false, deceptive, or misleading representations or means, in violation of the FDCPA, 15 U.S.C. § 1692e, including but not limited to the following:
>
>a)   Defendants have falsely represented or implied that nonpayment of a debt will result in the loss of Plaintiffs' home:
>
>b)   That the Defendants were there to help them work through the debts: Defendants gave advise as to which creditor to pay and how much to remit:
>
>c)   Defendants would remove negative reporting to the credit reporting agencies, to wit: that the

5

>   Plaintiffs were ever the subject of a foreclosure action or that they defaulted on a debt:
>
>   d)  Defendants would transfer the property, lot 1 and lot 2 to the Plaintiffs.

Amended Complaint, ¶ 68; emphasis added.

Notably, and properly, the plaintiffs limit their FDCPA claims to alleged activities "in connection with the collection of debts." Obviously, once a debt is extinguished, there can be no activities "in connection with the collection of debts." *See Posso v. Asta Funding, Inc.*, 2007 WL 3374400, at *3 (N.D. Ill. Nov. 9, 2007) ("When a debt is extinguished there is no debt and there can be no debt collection. Consequently, any action by a former debt-collector, however improper, could not be deemed to be 'in connection' to a present debt collection proceeding").

An action based on a violation of the FDCPA must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). *See also Fausset v. Mortgage First, LLC*, 2010 WL 1212085, at *6 (N.D. Ind. March 23, 2010); *Pagan v. Monterrey Collection Services*, 2007 WL 966009, at *2 (E.D. Pa. March 29, 2007); *Burdett v. Harrah's Kansas Casino Corp.*, 294 F. Supp. 2d 1215, 1227 (D. Kan. 2003).

The one-year statute of limitations begins to run, at the latest, when the debt is settled and the debt collection

activities cease.  The case of *Winter v. I.C. System Inc.*, 543 F. Supp. 2d 1210 (S.D. Cal. 2008), is right on point.

There, the plaintiff paid a debt in full in December 2004. On February 14, 2007, he filed a complaint alleging violations of the FDCPA in connection with that debt.  The defendants moved to dismiss the FDCPA claims as time-barred.

The court granted the defendants' motion, holding:

> The court agrees with the reasoning of the *Posso* court and finds that Plaintiff cannot allege a claim for violation of the FDCPA based on conduct occurring after he paid his debt in full, even if he paid under protest.
>
> \*\*\*
>
> Further, as Defendants noted at the hearing on this motion, the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money . . . ." 15 U.S.C. § 1692a(5).  This definition makes clear that the FDCPA does not apply once a consumer is no longer obligated to pay a debt.

543 F. Supp. 2d at 1213-14.  Declining to apply the FDCPA to post-collection activities, the court held that the plaintiff had "failed to allege timely claims for violation of the FDCPA . . . ."  343 F. Supp. 2d at 1214.  *See also Somin v. Total Community Management Corp.*, 494 F. Supp. 2d 153, 159 (E.D.N.Y. 2007); *McGee v. Moon*, 685 F. Supp. 2d 737, 745 (N.D. Ohio 2010).

Here the debt collection activities ended in August 2010 when the debt was settled and extinguished.  This action is

7

time-barred because it was not commenced until well over a year later.

Although, in a transparent effort to extend the statute of limitations with respect to the FDCPA claims, the plaintiffs allege that they communicated bi-weekly with the Maidenbaum defendants from August 2010 up to and including June 2011 (Amended Complaint ¶ 48), these alleged communications, even if they actually occurred, do not extend the FDCPA statute of limitations because those alleged communications were *per se* not "in connection with the collection of debts." While those alleged post-collection communications may or may not be relevant to the state law claims, they have no bearing on the FDCPA claims. *See Winter v. I.C. System Inc., supra; Posso v. Asta Funding, Inc., supra*.

Accordingly, the FDCPA claims should be dismissed as time-barred.

POINT II

THERE IS NO SUBJECT MATTER JURISDICTION OF THE
STATE LAW CLAIMS AS AGAINST THE MAIDENBAUM DEFENDANTS

The only basis for subject matter jurisdiction over the claims asserted against the Maidenbaum defendants is the federal question raised by the FDCPA claims. Once the FDCPA claims have been dismissed, there is no subject matter jurisdiction with respect to the Maidenbaum defendants because they, like the

plaintiffs, are New York citizens. Thus, there is no diversity of citizenship between the plaintiffs and the Maidenbaum defendants.

As the Second Circuit has held, once a federal claim has been dismissed at a very early stage of the proceedings, and in the absence of diversity jurisdiction in the alternative, the remaining state law claims should be dismissed as well. *Kelly v. Hardy & Harman*, 406 Fed. Appx. 538, 539 (2d Cir. 2011); *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir.), *cert. den.*, 131 S.Ct. 151 (2010).

The foregoing rule has been applied where, like here, the only federal question, and the only basis of subject matter jurisdiction, a claim pursuant to the FDCPA, has been dismissed. *See Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 532 (S.D.N.Y. 2008); *Somin v. Total Community Management Corp., supra*, 494 F. Supp. 2d at 160; *David v. FMS Services*, 475 F. Supp. 2d 447, 450 (S.D.N.Y. 2007).

Accordingly, if the Court dismisses the FDCPA claims against the Maidenbaum defendants, it should also dismiss the state law claims against them for lack of subject matter jurisdiction.

9

## Conclusion

For the foregoing reasons, the amended complaint should be dismissed in its entirety as against the Maidenbaum defendants.

Dated:   White Plains, New York
         December 21, 2012

>                               STEINBERG & CAVALIERE, LLP
>
>                               By: _____
>                                   Steven A. Coploff
>
>                               Attorneys for Defendants
>                                  Jeffrey A. Maidenbaum, Esq.,
>                                  Maidenbaum & Associates,
>                                  P.L.L.C. and Amir Collazo,
>                                  s/h/a Amir Callosol, Esq.
>                               50 Main Street, Suite 901
>                               White Plains, New York 10606
>                               (914) 761-4200
>                               steincav@aol.com

S&C#213961

10